# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              No. 1:20-cr-01440-KWR

MITCHEAL JONES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Order Compelling Specific Discovery **(Doc. 29)**. Defendant seeks the discovery of certain material underlying a search warrant affidavit, in order to determine whether he can or should make a *Franks* challenge. Having reviewed the parties' briefs and the applicable law, the Court finds Defendant's motion is not well taken and, therefore, is **DENIED.**

## BACKGROUND

On November 15, 2019, New Mexico State Police working with Albuquerque's Violent Crime Task Force executed a search warrant at a motel room at 5715 Central Avenue NE in Albuquerque, New Mexico. Defendant was present and the agents recovered several firearms. Defendant was indicted with a single count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Two confidential informants stated that they had purchased narcotics from Defendant at the motel room, and further stated that Defendant had multiple firearms in the motel room. **Doc. 32 at 2.** A third confidential informant conducted controlled buys of narcotics from Defendant at the motel room. *Id.* **at 2-3**.

The Government alleges as follows. The New Mexico State police obtained a warrant to seize Defendant, who was wanted on two outstanding arrest warrants, and a warrant to search the motel room. During the search, police found three firearms, a digital scale, a bag with substances that field tested positive for heroin, and another baggie that field tested positive for methamphetamine. Two of the firearms were found to be stolen. However, Defendant is only charged with a firearm offense in this case.

In the warrant affidavit, a New Mexico state police agent certified that he was aware of Defendant's identity and that Defendant was trafficking narcotics from the motel room based on a surveillance operation conducted by state police agents as well as information supplied by multiple confidential informants. Two confidential informants had disclosed Defendant's identity and stated that they had purchased narcotics from him at the motel room, and further stated that Defendant had multiple firearms in the motel room. A third confidential informant conducted a controlled buy from Defendant at the motel room. The warrant application stated that Defendant had outstanding arrest warrants. A state court judge granted the warrant application and issued a search warrant on December 3, 2019.

In this motion Defendant seeks certain documents "underlying the facts asserted in the Search Warrant Affidavit" in order to make a potential *Franks v. Delaware,* 438 U.S. 154 (1978) challenge. **Doc. 29 at 9.** Defendant seeks the following specific material:

> 1) Any and all police reports, supplemental reports, and/or investigative reports related to the alleged control buy(s) underlying the facts asserted in the Search Warrant Affidavit dated November 15, 2019, for the search of 5715 Central Avenue NE, #35, in Albuquerque, New Mexico.
>
> 2) Any photographs, video, or audio evidence related to the alleged control buy(s) underlying the facts asserted in the Search Warrant Affidavit dated November 15, 2019, for the search of 5715 Central Avenue NE, #35, in Albuquerque, New Mexico.

> 3) Visual inspection of the drug evidence obtained during the alleged control buy(s) underlying facts asserted in the Search Warrant Affidavit dated November 15, 2019, for the search of 5715 Central Avenue NE, #35, in Albuquerque, New Mexico.
>
> 4) Drug analysis results for the drug evidence obtained in the alleged control buy(s) underlying facts asserted in the Search Warrant Affidavit dated November 15, 2019, for the search of 5715 Central Avenue NE, #35, in Albuquerque, New Mexico.

**Doc. 29 at 9.** The Government represents it has produced the warrant application and its supporting affidavit but asserts the confidential informant and controlled buy information underlying the application is not discoverable.

## DISCUSSION

Defendant argues that he is entitled to the requested discovery under *Franks, Brady,* and Fed. R. Crim. P. 16. Defendant has not specifically argued how any of the requested discovery is exculpatory or material to a defense at trial. Rather, he generally argues that he needs discovery to test the veracity of the search warrant for a possible *Franks v. Delaware,* 438 U.S. 154 (1978) challenge.

### I. Relevant Law.

The *Brady* rule, Rule 16, and the Jencks govern the discovery to which the defendant is entitled. *United States v. Griebel*, 312 Fed. Appx. 93, 95-96 (10th Cir. 2008) (noting the "[G]overnment's discovery obligations [ ] are defined by Rule 16, *Brady, Giglio* and the Jencks Act" and stating the defendant's request to expand his discovery rights beyond those three sources was unsupported by the law).

#### A. Rule 16

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or

portions of any of these items, if the item is within the government's possession, custody, or control and:
(i) the item is material to preparing the defense;
(ii) the government intends to use the item it its case-in-chief at trial; or
(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Although Rule 16's language is permissive, it does not authorize "a blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a "fishing expedition." *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988) (citing *Jencks v. United States*, 353 U.S. 657, 667 (1957)). A defendant must make a *prima facie* showing of materiality before he is entitled to obtain requested discovery. *See United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* Rule 16 also does not obligate the United States to "take action to discover information which it does not possess." *United States v. Badonie*, 2005 WL 2312480, at *2 (D.N.M. Aug. 29, 2005) (quoting *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991)) (internal quotation marks omitted).

Evidence is "material" under Rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, ... or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (internal quotation marks omitted) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)) (internal quotation marks omitted). "Although the materiality standard is not a heavy burden, the Government need disclose rule 16 material only if it enables the defendant significantly to alter the quantum of proof in his favor." *United States v. Graham*, 83 F.3d at 1474 (alterations, citations, and internal quotation marks omitted).

**B.     *Brady***

The *Brady* doctrine was established by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 87 (1963):

> We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

The United States Supreme Court in *Kyles v. Whitley*, 514 U.S. 419 (1995), described the responsibility of the government in dealing with *Brady*:

> But the prosecution, which alone can know what is undisclosed, must be assigned the responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of "reasonable provability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecution succeeds or fails in meeting this obligation, the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of important is inescapable.

*Id.* at 437-38. *Brady* also extends to evidence affecting witness credibility. *See Giglio v. United States*, 405 U.S. 150, 154 (1972).

The government is not required to produce evidence simply because it might be exculpatory. *United States v. Agurs*, 427 U.S. 97, 110, n. 16 (1976) ("It is not to say that the State has an obligation to communicate preliminary, challenged, or speculative information."); *United States v. Fleming*, F.3d 1325, 1331 (10th Cir. 1994) (noting "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard."). Moreover, the Court does not have a duty to directly supervise the government's disclosure of *Brady* information, as such supervision would necessitate a complete review of all material gathered during the government's investigation. *See United States v. McVeigh*, 923 F. Supp. 1310, 1313 (D. Colo. 1996). Rather, the duty to determine what disclosure is required under *Brady* rests with the prosecution. *See Bank v. Reynolds*, 54 F.3d 1508, 1517 (10th Cir. 1995); *McVeigh*, 923 F. Supp. at 1313. The Court should rely on the government's representations of its compliance with *Brady* unless the defendant shows

5

cause to question them and the materiality of the evidence sought. *See McVeigh*, 923 F. Supp. at 1314; *see also Banks v. Dretke*, 540 U.S. 668, 696 (2004) ("[o]rdinarily, we presume that public officials have properly discharged their official duties."). *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) (noting that where a defendant only makes a general request for exculpatory material under *Brady*, the government decides which information must be disclosed).

## II. Analysis.

### A. Defendant has not shown an entitlement to the discovery under Fed. R. Crim. P. 16 or *Brady*.

Initially, Defendant generally asserts that the requested discovery is material under Rule 16 and exculpatory under *Brady*. Defendant does not explain how the requested discovery is material to preparing a defense a trial or exculpatory under *Brady*. None of the requested discovery is related to the question of guilt or punishment. *Brady,* 373 U.S. at 87, 83 S.Ct. 1194. Rather, Defendant seeks documents underlying the facts asserted in the search warrant affidavit in order to prepare a possible *Franks* challenge. Moreover, Defendant merely speculates that the requested discovery might be favorable to him. He does not identify that the requested documents are in fact material to his defense at trial or exculpatory but seeks them to verify that the statements in the search warrant affidavit were accurate. He does not proffer anything to raise a suspicion that the statements in the search warrant affidavit might be false. *See, e.g., United States v. Garrison*, 147 F. Supp. 3d 1173, 1178 (D. Colo. 2015) (Defendant "requests information that, if it exists, might be "favorable" to his planned wiretap challenge, depending on what the information actually reveals. But *Brady* and *Giglio* do not address all forms of information that might be helpful to a wiretap challenge. Rather, those cases focus on information favorable to the accused with respect either to guilt or punishment."); *United States v. Smith*, No. CR 16-464 WJ, 2017 WL 3172790, at

*3 (D.N.M. May 16, 2017) ("The data is not "material" under Rule 16 because it has no bearing on the Government's case in chief, and therefore is not material to preparing a defense against the issues that will be raised in the case in chief."). The Court agrees with the Government that this appears to be a mere fishing expedition.

Moreover, as the Tenth Circuit has noted:

> Whether *Brady's* disclosure requirements even apply at the motion to suppress stage is an open question. *See United States v. Stott,* 245 F.3d 890, 901 (7th Cir.2001) (noting a split in the circuits). As the D.C. Circuit has noted, "Suppression hearings do not determine a defendant's guilt or punishment, yet *Brady* rests on the idea that due process is violated when the withheld evidence is 'material either to guilt or to punishment.' " *United States v. Bowie,* 198 F.3d 905, 912 (D.C.Cir.1999) (quoting *Brady,* 373 U.S. at 87, 83 S.Ct. 1194).

*United States v. Lee Vang Lor*, 706 F.3d 1252, 1256 n.2 (10th Cir. 2013). As explained below, the Court does not believe that Defendant can get around *Franks* requirements by invoking *Brady* or Fed. R. Crim. P. 16.

**B.     *Franks v. Delaware,* 438 U.S. 154 (1978).**

Defendant seeks discovery of certain material "underlying the facts asserted in the Search Warrant Affidavit," **Doc. 29 at 9,** to determine whether he should make a *Franks v. Delaware,* 438 U.S. 154 (1978) challenge. Because Defendant has not made a substantial preliminary showing as required under *Franks*, Defendant is not entitled to the requested discovery.

A defendant may challenge a facially sufficient warrant affidavit only through a *Franks* evidentiary hearing. In *Franks v. Delaware,* 438 U.S. 154 (1978), the United States Supreme Court stated as follows:

> [W]here the defendant makes a *substantial preliminary showing* that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

7

*Id.* at 155–56, 98 S.Ct. 2674 (emphasis added). "It is not the veracity of the informant that is at issue, but only the veracity of the affiant." *United States v. Long*, 774 F.3d 653, 661 (10th Cir. 2014). "Defendants must point out specifically the portion of the warrant affidavit that is claimed to be false ...," *United States v. Cooper,* 654 F.3d 1104, 1128 (10th Cir.2011) (internal quotation marks omitted), "and support their allegations with reliable witness statements or explain their absence." *Long*, 774 F.3d at 661. "[T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." 438 U.S. at 171, 98 S.Ct. 2674. Instead, "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.... Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Id.*

Courts within the Tenth Circuit have required defendants to make a substantial preliminary showing under *Franks* in order to receive discovery of material underlying the facts asserted in a search warrant affidavit. *See United States v. Long,* 774 F.3d 653, 661 (10th Cir. 2014) (affirming district court's denial of a request for discovery sought to aid a *Franks* challenge, where defendant did not make substantial preliminary showing required under *Franks*); *see also United States v. Smith*, No. CR 16-464 WJ, 2017 WL 3172790, at *4 (D.N.M. May 16, 2017) (denying motion to compel discovery defendant asserted he would needed discovery to make a *Franks* challenge, where defendant did not make a substantial preliminary showing for the *Franks* discovery); *see also United States v. Garrison*, 147 F. Supp. 3d 1173, 1181 (D. Colo. 2015) (denying motion to compel discovery to aid potential motion for *Franks* hearing where defendant did not make substantial preliminary showing); *United States v. Roybal*, 46 F. Supp. 3d 1127, 1161–62 (D.N.M. 2014) (denying motion to compel discovery where defendant, without making a substantial preliminary showing, asked the court for discovery to assist in making a *Franks* motion).

These cases rejected a defendant's discovery request to aid in a potential *Franks* challenge where the defendant had not made a substantial preliminary showing under *Franks*, but rather sought information to merely verify statements in a search warrant affidavit. As the *Smith* district court noted:

> Defendant intends to use the requested discovery to mount a *Franks* challenge, but in trying to use *Franks* as a separate channel to obtain discovery, he is misusing the process and seems to have it backwards. A defendant must *first* make a showing of a deliberate falsehood before being able to challenge an affidavit. Here, Defendant expects that the Government should be required to turn over all requested discovery to him—whether or not that material should be disclosed under the federal rules— hoping to find something in the materials that might help raise a *Franks* issue.

*United States v. Smith*, No. CR 16-464 WJ, 2017 WL 3172790, at *4 (D.N.M. May 16, 2017). In *United States v. Long*, the defendant sought discovery on an informant who was referenced in a search warrant affidavit. Like here, "[h]is principal interest in the disclosure was to obtain evidence for a *Franks* hearing." *United States v. Long*, 774 F.3d 653, 661 (10th Cir. 2014). The defendant did not make the substantial preliminary showing under *Franks*. The Tenth Circuit affirmed denial of the discovery request. Defendant has not cited to any case law in this circuit in which a court granted a defendant's motion to compel discovery to assist a defendant in making a *Franks* challenge, where the defendant did not make the substantial preliminary showing required in *Franks*.

Here, Defendant seeks certain material underlying the facts in the search warrant affidavit, but has not made a substantial preliminary showing of deliberate falsehood under *Franks*. He does not make any allegations about falsehood, nor support any allegations with affidavits. Rather, he states that the four-corners of the search warrant affidavit are "flimsy":

> The production of the requested discovery would assist Mr. Jones in deciding how to proceed in this matter. As it stands now, Mr. Jones is contemplating filing a motion to suppress the evidence which was seized pursuant to the state search warrant which has been adopted by the government. The four corners of the affidavit are flimsy at best. That said, the disclosure of the requested information

9

may alter the quantum of proof in this case and lead Mr. Jones to decide to forgo a motion to suppress and turn his attention to negotiating a resolution in this matter.

**Doc. 33 at 2.** To the extent he points out omissions in the search warrant affidavit, he does not allege or show that the omissions were deliberately false. Defendant has not made a substantial preliminary showing required under *Franks*. Therefore, the Court declines to compel discovery.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Specific Discovery **(Doc. 29)** is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE