IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                 No. 1:20-cr-01440-KWR

MITCHEAL JONES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Suppress, or in the Alternative, for an evidentiary hearing pursuant to *Franks v. Delaware* related to the affidavit supporting the search warrant for 5715 Central Avenue NE Albuquerque, NM Room #35 **(Doc. 37)**. Defendant seeks suppression of all evidence gathered in connection with the execution of a search warrant, or alternatively, a *Franks* hearing. Having reviewed the parties' briefs and the applicable law, the Court finds Defendant's motion is not well taken and, therefore, is **DENIED.**

## BACKGROUND

On November 15, 2019, New Mexico State Police agents working with Albuquerque's Violent Crime Task Force executed a search warrant at a motel room at 5715 Central Avenue NE, Room #35 in Albuquerque, New Mexico. Defendant occupied the hotel room. The agents recovered firearms, ammunition, and narcotics. **Doc. 43-1 at 6.** Defendant was indicted with a single count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

At issue in this case is the search warrant affidavit. Defendant challenges the search warrant and seeks suppression of all evidence gathered in connection with that search warrant. In the affidavit, a New Mexico state police agent certified that he was aware of Defendant's identity and

that Defendant was trafficking narcotics from a motel room based on a surveillance operation conducted by state police agents as well as information supplied by multiple confidential informants. Two confidential informants had disclosed Defendant's identity and stated that they had purchased narcotics from him, and further stated that Defendant had multiple firearms. A third confidential informant conducted a controlled buy from Defendant. The agents visually surveilled the controlled buy. The warrant application stated that Defendant had outstanding arrest warrants and was a convicted felon.

New Mexico State Police agent Mitchel Bengston drafted an affidavit supporting the search warrant application. The affidavit sought a search of the following premises:

> Tewa Hotal [sic] located at 5715 Central Avenue NE Albuquerque, NM room #35. The hotel consists of tan stucco with multiple rooms with exterior access. The doors of the rooms are dark brown. The numerics on the door shows 35 in Silver.

**Doc. 37-1 at 2.** Agent Bengston swore as follow in the search warrant affidavit:

> On November 13, 2019, I was assigned to assist in the investigation of a male subject initially identified as Mitchell [sic] Jones with felony warrants. I was provided a briefing of information from State Police Agent Andazola. The following is a synopsis of the information.
>
> …
>
> On November 12, 2019, while completing controlled buys of narcotics, State Police Narcotics Agents obtained substantial information which led to obtaining a search warrant for a residence. After obtaining and serving the warrant, they located three handguns and shotgun shells inside the home. During interviews of persons named as confidential defendants (CD) located in the home, Agents were provided information of Mitchael Jones AKA "Red" having a rifles and police vests which he planned on using to rob drug dealers. Mitchael was also reported as selling narcotics to those interviewed. The residence of 5715 Central Avenue of the Tewa Hotel is where Mitchael is currently living.
>
> During the week of November 11, 2019, controlled purchases of narcotics were completed using a confidential informant (CI). This CI has been used multiple times in the recent past and information provided by CI has been found to be credible on these occasions. During that time period, CI completed a controlled buy of narcotics from Mitchael. Surveillance teams conducted both moving and stationary visuals of the controlled narcotics purchases. Surveillance teams positively identified Mitchael driving a white Nissan Sentra two door

passenger vehicle with New Mexico Registration plate []. Mitchael drove this vehicle to the Tewa Hotel and parked the vehicle in front of room 35. Mitchael then entered room 35 where additional hand to hand transactions of unknown substances for money *occurred*. Mitchael has been confirmed as a prior felon with court restrictions on possessing any firearms and a fugitive from justice with warrants in both New Mexico and Arizona.

Agent Andazola viewed Mitchael on 11/15/2019 at Room 35 of Tewa Hotel.

**Doc. 43-1 at 4.** State district court Judge Brett Loveless granted the warrant application and issued a search warrant. During the search, police found three firearms, a digital scale, heroin, and methamphetamine. Two of the firearms were found to be stolen. However, Defendant is only charged with a firearm offense in this case.

Defendant filed a motion to compel discovery. **Doc. 29.** Defendant requested discovery prior to making a substantial preliminary showing under *Franks*, and the Court denied the motion. **Doc. 36.** Defendant now seeks suppression, or alternatively, a *Franks* hearing. **Doc. 37.**

### DISCUSSION

Defendant seeks suppression of all evidence recovered from his hotel room, arguing that the search warrant affidavit was facially insufficient to support probable cause. Alternatively, Defendant seeks a *Franks* hearing, asserting that the Government's refusal to provide reports of the events underlying the search warrant affidavit shows that the facts in the search warrant affidavit are false.

I.  **Search warrant affidavit was facially sufficient to support probable cause and issuing judge had substantial basis for determining that probable cause existed.**

Defendant initially mounts a facial challenge to the search warrant affidavit, asserting that the affidavit lacks sufficient facts to support probable cause. The Court disagrees.

"When reviewing a decision to issue a search warrant, the reviewing court give[s] great deference to the decision of the issuing magistrate or judge." *United States v. Sims,* 428 F.3d 945, 954 (10th Cir.2005) (quotations and citations omitted). This court "need only ask whether, under

the totality of the circumstances presented in the affidavit, the ... judge had a substantial basis for determining that probable cause existed." *United States v. Artez,* 389 F.3d 1106, 1111 (10th Cir.2004) (quotations and citations omitted). "Probable cause to issue a search warrant exists only when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Basham,* 268 F.3d 1199, 1203 (10th Cir.2001).

A totality of the circumstances analysis is used to determine probable cause. *U.S. v. Shomo,* 786 F.2d 981, 983 (10th Cir. 1986); *Illinois v. Gates,* 462 U.S. 213, 235 (1983) ("only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause"). "The test for probable cause to support a warrant is whether the facts presented in the affidavit would warrant a [person] of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *U.S. v. Nolan,* 199 F.3d 1180, 1183 (10th Cir. 1999). Probable cause "requires a nexus between the place to be searched and the items to be seized." *Id.* The affiant must also show a nexus between the place to be searched and the suspected criminal activity. *United States v. Roach*, 582 F.3d 1192, 1200 (10th Cir. 2009). "[T]he affidavit supporting the search warrant need not contain direct evidence or personal knowledge that the items sought are located at the place to be searched." *Nolan*, 119 F.3d at 1183.

Here, the Court concludes that the issuing judge had a substantial basis for concluding that probable cause existed.  The four corners of the affidavit support a conclusion that there was a fair probability that evidence of a crime would be found in Room 35 of the Tewa hotel.

The affidavit provide that state police had conducted controlled buys of narcotics and obtained a search warrant for a residence.  After executing the warrant, they located three handguns and shotgun shells inside the home.  The confidential defendants in the home told agents that

4

Defendant sold them narcotics and that he had rifles and police vests which he planned on using to rob drug dealers.

State police identified that Defendant was a convicted felon with outstanding warrants. The state police used a confidential informant to complete a controlled buy of narcotics from Defendant. The affiant stated that the CI had been used multiple times in the recent past and information provided by the CI had been found to be credible on those occasions. The State police visually surveilled the controlled narcotics purchase, and surveillance teams positively identified Defendant. State police visually surveilled Defendant as he drove a car to the Tewa hotel, parked his vehicle in front of Room 35, and entered Room 35 where additional hand to hand transactions occurred. Agent Andazola viewed Defendant on November 15, 2019 at Room 35 in Tewa Hotel.

The affidavit provides sufficient facts for the issuing judge to believe there as a fair probability that evidence of a crime would be found in Room 35 of the Tewa hotel.

Moreover, the tips from the confidential informants/defendants were corroborated by both controlled buys and surveillance. The state police used a known, credible confidential informant to conduct controlled buys from Defendant and they surveilled the controlled buys. State police identified and observed Defendant drive to and enter room 35 of the Tewa Hotel, and stated that additional hand to hand transactions occurred in the room. Therefore, there was a fair probability that the room had evidence of a crime.

Defendant challenges the affiant's reliance on a tip from the confidential defendants. "In *Illinois v. Gates,* the Supreme Court adopted a 'totality of the circumstances' test to determine when information from an anonymous or confidential informant can establish probable cause." *United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004), *citing* 462 U.S. at 238, 103 S.Ct. 2317. The Court explained that an informant's "veracity, reliability, and basis of knowledge are all

highly relevant in determining the value of his report." *Gates,* 462 U.S. at 230, 103 S.Ct. 2317 (internal quotations omitted). However, "a deficiency in one [factor] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id.* at 233, 103 S.Ct. 2317. Specifically, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." *United States v. Danhauer,* 229 F.3d 1002, 1006 (10th Cir. 2000).

The issuing judge appropriately relied upon the tips provided by the confidential defendants and the confidential informant, as under the totality of the circumstances there were sufficient indicia of reliability. The confidential defendants were found with narcotics and weapons. They gave a tip that Defendant had provided them narcotics, and that he possessed firearms which he planned to use to rob drug dealers. Defendants corroborated this tip by (1) using a confidential informant they had used in the past and found credible to conduct a controlled buy and (2) surveilling the controlled buy. They knew that Defendant was a convicted felon with active warrants. They also knew that Defendant had driven back to hotel room #35 and had conducted other sales there. Therefore, the Court finds that the informants' veracity, reliability, and basis of their knowledge all supported probable cause, their tip was corroborated, and there were other sufficient indicia of reliability to support probable cause.

Moreover, the affidavit adequately created a nexus between Defendant's alleged criminal activities and Room 35 at the Tewa Hotel. State police observed Defendant, after the controlled buy, drive to Room 35 of Tewa Hotel, and saw him enter the hotel room. They assert that drug sales occurred in the room. The affidavit stated that Defendant was seen at Room 35 of the hotel on November 15, the day the affidavit was signed. This is sufficient to create a nexus between the criminal activity and the hotel room that was searched.

## II. ***Franks*** **hearing is not appropriate because Defendant has not shown that affidavit includes materially false information or omitted information that would vitiate probable cause.**

Defendant argues that the affidavit omitted material information and without that information, the affidavit is insufficient to support probable cause. Defendant does not argue that any specific facts were omitted which, if considered by the issuing judge, would vitiate probable cause. Instead, Defendant argues that the facts alleged in the affidavit are insufficient to support probable cause. This is another way of arguing that the affidavit is facially insufficient to support probable cause. The Court rejected this facial attack above.

Alternatively, the Court concludes that Defendant has not made a substantial preliminary showing entitling him to a *Franks* hearing because he has not identified any specific omissions which, if included in the affidavit, would have vitiated probable cause. Moreover, Defendant has not supported his allegation that the entire affidavit is false with an offer of proof or other evidence.

"Under *Franks,* a Fourth Amendment violation occurs if (1) an officer's affidavit supporting a search warrant application contains a [knowing, intentional, or] reckless misstatement or omission that (2) is material because, but for it, the warrant could not have lawfully issued." *United States v. Herrera,* 782 F.3d 571, 573 (10th Cir. 2015). "To win an evidentiary hearing to prove a *Franks* violation, a defendant must do more than allege a problem with the warrant." *Id.* The Supreme Court has directed that a defendant's allegations "must be accompanied by an offer of proof.... Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks,* 438 U.S. at 171, 98 S.Ct. 2674, *quoted in Herrera*, 782 F.3d at 573.

"[A] court must strike any intentional, knowing, or reckless misstatements in the warrant application affidavit and assess the affidavit without them." *United States v. Herrera*, 782 F.3d

7

571, 575 (10th Cir. 2015). "If []the affidavit contains intentional, knowing, or reckless omissions, a court must add in the omitted facts and assess the affidavit in that light." *United States v. Herrera*, 782 F.3d 571, 575 (10th Cir. 2015), *citing Stewart v. Donges,* 915 F.2d 572, 582–83 (10th Cir.1990). "But whether we're talking about acts or omissions the judge's job is much the same— we must ask whether a warrant would have issued in a but-for world where the attesting officer faithfully represented the facts. If so, the contested misstatement or omission can be dismissed as immaterial. If not, a Fourth Amendment violation has occurred and the question turns to remedy." *Id.*

As to the first step identified in *Herrera*, Defendant has not supported his allegation that the affidavit was entirely false with an offer of proof or other evidence. Defendant must show "by a preponderance of the evidence [that] the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant." *United States v. Campbell*, 603 F.3d 1218, 1228 (10th Cir. 2010).

Defendant alleges that the factual assertions in the affidavit, including the controlled buy, the tip from confidential informants, and surveillance of Defendant were fabricated, because he was unable to get any reports to document them. In other words, Defendant appears to assert that the entire affidavit is fabricated. Defendant does not provide any offer of proof or evidence to support these conclusory allegations. *See, e.g., United States v. Artez*, 389 F.3d 1106, 1116 (10th Cir. 2004) ("Before the defendant will be entitled to such a hearing, however, the defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. Affidavits of witnesses should be provided to the court or their absence satisfactorily explained.") (internal citations omitted). Defendant's inability to obtain reports prior to making a substantial preliminary showing under *Franks* is not proof of any

8

deliberate or reckless falsehood or omission in the search warrant affidavit. Therefore, Defendant has not made a substantial preliminary showing that these statements in the affidavit were intentionally or recklessly false.

As noted in the Government's response to Defendant's motion to compel discovery, and in the Court's opinion denying Defendant's motion to compel, the reports are not discoverable unless Defendant makes a substantial preliminary showing under *Franks*. See **Docs. 32, 36.** Defendant has not shown that he is entitled to these reports prior to making a substantial preliminary showing under *Franks. See United States v. Long,* 774 F.3d 653, 661 (10th Cir. 2014) (affirming district court's denial of a request for discovery sought to aid a *Franks* challenge, where defendant did not make substantial preliminary showing required under *Franks*); *see also United States v. Smith*, No. CR 16-464 WJ, 2017 WL 3172790, at *4 (D.N.M. May 16, 2017) (denying motion to compel discovery defendant asserted he would needed discovery to make a *Franks* challenge, where defendant did not make a substantial preliminary showing for the *Franks* discovery); *see also United States v. Garrison*, 147 F. Supp. 3d 1173, 1181 (D. Colo. 2015) (denying motion to compel discovery to aid potential motion for *Franks* hearing where defendant did not make substantial preliminary showing); *United States v. Roybal*, 46 F. Supp. 3d 1127, 1161–62 (D.N.M. 2014) (denying motion to compel discovery where defendant, without making a substantial preliminary showing, asked the court for discovery to assist in making a *Franks* motion).

Even if Defendant had shown he was entitled to the reports but the reports did not exist, the Court does not believe that the absence of the reports creates a substantial preliminary showing that the entire affidavit is false.

Alternatively, even if Defendant identified an intentional misstatement or omission, Defendant has not shown that the misstatements or omissions were material, *i.e.,* that a warrant would not have been issued but for the omissions or misstatements. Defendant largely argues that there were omissions of specific facts from the affidavit. This is a facial challenge. Defendant does not make a substantial preliminary showing that there were any omissions which, if included back into the affidavit, would have vitiated probable cause. As explained above, the Court believes that the warrant has sufficient facts to support the issuing judge's probable cause determination.

Defendant also argues that the entire affidavit is falsified, but as explained above, Defendant did not make a substantial preliminary showing on this point supported by evidence.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress, or in the Alternative, For an Evidentiary Hearing related to the Affidavit Supporting the Search Warrant for 5715 Central Avenue NE, Room 35, Albuquerque, New Mexico **(Doc. 37)** is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE